<u>NOT FOR PUBLICATION</u>                                    [Docket Ent. 2]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

|  |  |
|---|---|
| New Jersey Building Laborers : Statewide Benefit Funds and the Trustees Thereof : : v. : : Excel Service & Construction, Inc. : : | Docket No. 09-2799 (RMB/KMW) **MEMORANDUM AND ORDER** |

**BUMB,** UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon a motion to confirm an arbitration award by the petitioner, New Jersey Building Laborers Statewide Benefit Funds and the Trustees Thereof (the "Petitioner").  The respondent, Excel Service & Construction, Inc., (the "Respondent") has opposed the motion.  The parties' relationship is governed by two contracts: a collective bargaining agreement ("CBA") and a Declaration of Trust of the Funds ("Trust Agreement"), which requires Respondent to make certain monetary contributions to various funds for such things as fringe benefits.  It is alleged that Respondent was delinquent in making said contributions, so Petitioner sought to enforce the Trust Agreement by submitting the matter to an Arbitrator.

The Trust Agreement provides, "The Trustees may take any action necessary or appropriate to enforce payment of the

1

contributions . . . , hav[ing] immediate access to the courts, as provided under applicable law, <u>or</u> . . . <u>designat[ing] a permanent arbitrator to hear and determine collection disputes</u>." (Trust Agrmt. § 4 at 20 [Dkt. 1, Ex. C] (emphasis added).) The Arbitrator found that it had jurisdiction over the dispute pursuant to the Trust Agreement, and that Respondent had received proper notice of the arbitration proceedings. (Arb. Awd. 1 [Dkt. 1, Ex. D].) Relying upon the calculations of an independent auditor, the Arbitrator ordered Respondent to pay an award of $25,366.27 (itemized as follows: $13,534.06 (principal), $5,242.74 (interest), $2,706.81 (liquidated damages), $3,082.66 (attorney's fees), $800 (Arbitrator's fee)), plus any additional court costs necessary to enforce the award. (Arb. Awd. ¶ 14 [Dkt. 1, Ex. D].)

Respondent now opposes the motion to confirm the arbitration award on the ground that it did not appear at the arbitration proceeding. Although Respondent does not dispute that it knew of the arbitration proceeding, it avers that it did not appear because it believed that the audit on which the arbitration award was based had not yet been completed. (Resp.'s Br. ¶ 19 ("In reliance on the auditor's statement that the audit would be addressed and corrected, Respondent did not attend the March 10, 2009, Arbitration.").) Respondent further avers that the "arbitration [award] d[oes] not reflect the final amount in

2

either of the audits in Respondent's possession." (Resp.'s Br. ¶ 19, n.1.) Although Respondent does not appear to dispute that it owes some amount to Petitioner, it "respectfully requests that this Court not confirm the Arbitration Award until [Petitioner] can sufficiently establish that an accurate audit has been completed." (Resp.'s Br. ¶ 21.)

The Court heard oral argument on this matter on August 17, 2009. At that time, Respondent's counsel represented to the Court that Respondent had decided to not attend the arbitration hearing in reliance upon assurances by the auditor that the arbitration would not proceed as scheduled. Since this account of the facts was somewhat different from that articulated in Respondent's briefs, the Court allowed Respondent to submit a supplementary affidavit documenting the events as stated.

The supplementary affidavit, which was submitted to the Court on September 4, 2009, did not establish that Respondent's decision to not attend the arbitration hearing was in reliance upon assurances by the auditor. The affidavit states that Respondent believed the audit was incorrect (Stancill Aff. ¶¶ 6, 9); that Respondent attempted to contact the auditor to correct the audit (id. at ¶¶ 10-11); and that Respondent received no reply from the auditor (id. at ¶ 11). Accordingly, the Court can only infer that Respondent voluntarily opted to miss the arbitration hearing despite knowing that the hearing was

scheduled.   (Id. ¶ 5.)

The Court must decide if Respondent's voluntary nonparticipation in the arbitration warrants denial of the motion to confirm the award.  The Court holds that it does not.

"Judicial review of a labor-arbitration decision . . . is very limited."  Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001).  Reviewing courts are not free to question an arbitrator's interpretation of the controlling contract, nor its findings of fact.  NF&M Corp. v. United Steelworkers of America, 524 F.2d 756, 759 (3d Cir. 1975). Rather,

> if an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision.  It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispense[s] his own brand of industrial justice that his decision may be unenforceable.  When . . . no dishonesty is alleged, the arbitrator's improvident, even silly, factfinding does not provide a basis for a reviewing court to refuse to enforce the award.

Id. (internal citation omitted); see also Patten v. Signator Ins. Agency, Inc., 441 F.3d 230, 234 (4th Cir. 2006) ("The permissible common law grounds for vacating [an arbitration] award . . . include those circumstances where an award fails to draw its essence from the contract, or the award evidences a manifest disregard of the law.").

Here, the Arbitrator apparently determined that Respondent's

4

nonparticipation in the arbitration proceeding, after Respondent had properly been served notice of the proceeding, should not preclude its decision in the matter. The Arbitrator further found, as a factual matter, that the audit upon which it relied was accurate and reliable. Respondent having presented the Court with no reason why either determination was in "manifest disregard of the law," id., it is not for the Court to substitute its judgment for that of the Arbitrator.

In Gingiss Int'l, Inc. v. Bormet, the Seventh Circuit upheld the confirmation of an arbitration award in spite of the respondent's nonparticipation, when the petitioner did not violate the respondent's right to receive notice. 58 F.3d 328, 332-33 (7th Cir. 1995). In Choice Hotels Int'l, Inc. v. SM Property Management, LLC, the Fourth Circuit upheld a district court's decision to deny confirmation of the arbitration award under similar circumstances, but only because the Court held that the respondent had a right to actual notice of the arbitration proceeding, which it did not receive. 519 F.3d 200, 208-210 (4th Cir. 2008). Here, Respondent concedes that it did receive actual notice of the proceeding, but declined to participate nonetheless. The fact that Respondent believed its decision to miss the arbitration hearing was justified is of no moment. Even if Respondent had a good reason for its nonparticipation (here, its belief about the inaccurate audit), this would not justify

5

denying the motion to confirm the arbitration award.

Accordingly, IT IS on this, the **10th** day of **September 2009** hereby

**ORDERED** that the motion to confirm the arbitration award shall be **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
UNITED STATES DISTRICT JUDGE

6